NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SCOTT STEARNS, et. al., | ) | No. C 05-2443 JF (PR) |
| | ) | |
| | ) | ORDER DISMISSING |
| | ) | PLAINTIFFS WITHOUT |
| Plaintiffs, | ) | PREJUDICE ; DISMISSING |
| | ) | COMPLAINT WITH |
| v. | ) | LEAVE TO AMEND AS TO |
| | ) | PLAINTIFF STEARNS; |
| | ) | DENYING MOTION FOR |
| | ) | SERVICE; DENYING |
| J.S. WOODFORD, et. al., | ) | MOTION FOR STAY; |
| | ) | GRANTING MOTION TO |
| | ) | FILE LATE CLAIM; |
| | ) | GRANTING MOTION TO |
| Defendants. | ) | DISMISS PLAINTIFFS |
| | ) | |
| | ) | (Docket Nos. 3, 4, 6, 7) |

Plaintiffs, six state prisoners at Pelican Bay State Prison proceeding pro se, filed this 42 U.S.C. § 1983 civil rights action. Plaintiff Stearns, the first-named Plaintiff, filed several motions including a motion for service, motion to stay proceedings, motion for leave to file a late claim, and a motion to dismiss the remaining Plaintiffs. The Court concludes that this action cannot proceed as a class action and will therefore dismiss all Plaintiffs without prejudice except for the named Plaintiff, Scott Stearns. The Court will DENY Plaintiff's motion for service (docket no. 3) without prejudice and

1  DENY Plaintiff's motion for stay (docket no. 4) without prejudice.  The Court will
2  GRANT Plaintiff's motion for leave to file a late claim (docket no. 6) and GRANT
3  Plaintiff's motion to dismiss the remaining Plaintiffs (docket no. 7).  The Court will
4  dismiss the complaint with leave to amend as to Plaintiff Stearns to file an amended
5  complaint including all of the claims he wishes to present containing allegations
6  pertaining to himself only.

## DISCUSSION

A.   Class Certification and Joinder

Plaintiffs filed this action as a "class action" against Pelican Bay State Prison Officials concerning the conditions of confinement at the prison.  The prerequisites to maintenance of a class action are that: (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.  See Fed. R. Civ. P. 23(a).  Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).  Therefore, this action cannot proceed as a class action.  Additionally, Plaintiff Stearns filed a motion to dismiss the remaining Plaintiffs as he is no longer willing to represent them and cannot locate them at this time.

Accordingly, Plaintiffs Torrres, Aranda, Adan, Copez, and Higoneda are DISMISSED as Plaintiffs from this action without prejudice.  Plaintiff Stearns' motion to dismiss the remaining Plaintiffs (docket no. 7) is GRANTED.  Plaintiff Stearns, the named Plaintiff, may proceed with this action.  However, he must first file an amended

1  complaint containing allegations pertaining to himself only. The current complaint
2  containing allegations pertaining to all Plaintiffs is DISMISSED without prejudice. The
3  amended complaint must be simple and concise and must include the civil case number
4  used in this order (C 05- 2443 JF (PR)) and the words "AMENDED COMPLAINT" on
5  the first page. Failure to file a proper amended complaint **within thirty days** of the date
6  of this order will result in the dismissal of this action without prejudice.
7      Based upon the Court's dismissal of the complaint with leave to amend as to
8  Plaintiff Stearns, Plaintiff's motion for service and motion for stay (docket nos. 3, 4) are
9  DENIED without prejudice. Plaintiff's motion for leave to file a late claim (docket no. 6)
10 is GRANTED to the extent that Plaintiff may include all claims he wishes to present
11 concerning himself only in his amended complaint. The Court will enclose a copy of the
12 civil rights complaint form with this order.

### CONCLUSION

14     1.    Plaintiffs Torres, Aranda, Adan, Copez, and Higoneda are DISMISSED as
15 Plaintiffs from this action without prejudice. Plaintiff Stearns' motion to dismiss the
16 remaining Plaintiffs (docket no. 7) is GRANTED.
17     2.    As to Plaintiff Stearns, the complaint is hereby DISMISSED with leave to
18 amend, as indicated above, **within thirty days** from the date this order is filed. The
19 amended complaint must include the caption and civil case number used in this order
20 (C 05-2443 JF (PR)) and the words "AMENDED COMPLAINT" on the first page.
21 Because an amended complaint completely replaces the original complaint, Plaintiff must
22 include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258,
23 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate any
24 material from the original complaint by reference. Plaintiff must include all
25 documentation and supporting information with the amended complaint. **Failure to**
26 **amend within the designated time will result in the dismissal of the complaint**
27 **without prejudice**.
28 \\\

1        3.      Plaintiff Stearns' motion for service and motion to stay (docket nos. 3, 4)
2 are DENIED without prejudice.
3        4.      Plaintiff's motion for leave to file a late claim (docket no. 6) is GRANTED
4 to the extent that Plaintiff Stearns may include all claims he wishes to present concerning
5 himself only in his amended complaint.
6        5.      As to Plaintiff Stearns, it is his responsibility to prosecute this case.
7 Plaintiff must keep the Court informed of any change of address by filing a separate paper
8 with the Clerk headed "Notice of Change of Address." He must comply with the Court's
9 orders in a timely fashion or ask for an extension of time to do so. Failure to comply may
10 result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)
11        IT IS SO ORDERED.
12 DATED: 3/20/06

                                         JEREMY FOGEL
13                                       United States District Judge

1  This is to certify that on 3/22/06, a copy of this ruling was mailed to the following:

2

Scott Stearns
3  J-61801
Pelican Bay State Prison
4  P.O. Box 7500
Crescent City, CA  95531
5

6  Victor Torres
P-20736
7  Pelican Bay State Prison
P.O. Box 7500
8  Crescent City, CA  95531

9
Jorge Aranda
10  E-68278
Pelican Bay State Prison
11  P.O. Box 7500
Crescent City, CA  95531
12

13
Jesus Adan
14  J-24371
Pelican Bay State Prison
15  P.O. Box 7500
Crescent City, CA  95531
16

17
Tony Copez
18  E-06271
Pelican Bay State Prison
19  P.O. Box 7500
Crescent City, CA  95531
20

21
Jorge Higoneda
22  H-18678
Pelican Bay State Prison
23  P.O. Box 7500
Crescent City, CA  95531
24

25

26

27

28

Order Dismissing Plaintiffs Without Prejudice ; Dismissing Complaint with Leave to Amend as to Plaintiff Stearns; Denying Motion for Service; Denying Motion for Stay; Granting Motion to File Late Claim; Granting Motion to Dismiss Plaintiffs
P:\pro-se\sj.jf\cr.05\Stearns443dwlta        5