*Original filed 3/15/07

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STEARNS, | No. C 05-2443 ~~RMW~~ JF (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; INSTRUCTIONS TO CLERK |
| v. | |
| J.S. WOODFORD, et. al., | |
| Defendants. | (Docket Nos. 17, 18) |

Plaintiff Stearns and five other prisoners at Pelican Bay State Prison, proceeding pro se, filed the instant complaint pursuant to 42 U.S.C. § 1983. The Court initially concluded that this action could not proceed as a class action and dismissed all Plaintiffs without prejudice except for the named Plaintiff, Scott Stearns. The Court dismissed the complaint with leave to amend as to Plaintiff Stearns to file an amended complaint including all of the claims he wishes to present containing allegations pertaining to himself only. Plaintiff has filed an amended complaint on behalf of himself and on behalf of dismissed Plaintiff Jorge Aranda, a motion for service, and a motion for appointment

of counsel. The Court will instruct the Clerk to copy the amended complaint on behalf of dismissed Plaintiff Jorge Aranda (docket no. 15) and open a new civil rights action pursuant to 42 U.S.C. § 1983. The Court will DENY Plaintiff's motion for service (docket no. 17) and motion for appointment of counsel (docket no. 18) without prejudice.

## DISCUSSION

A.   <u>Amended Complaints and Motion for Service</u>

Plaintiff Stearns has filed an amended complaint on behalf of himself and a motion for service. Plaintiff Stearns also filed an amended complaint on behalf of dismissed Plaintiff Jorge Aranda. In its initial order, the Court dismissed all Plaintiffs, except Plaintiff Stearns, because this action cannot proceed as a class action. <u>Pro se</u> prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975); <u>see also</u> <u>Russell v. United States</u>, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, <u>see</u> <u>Griffin v. Smith</u>, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that <u>pro se</u> prisoner cannot adequately represent class).

Accordingly, dismissed Plaintiff Aranda's amended complaint (docket no. 15) should be filed as a new civil rights action pursuant to 42 U.S.C. § 1983. The Clerk shall copy the amended complaint (docket no. 15) and open a new civil action with Plaintiff Jorge Aranda as the sole named Plaintiff. The Court will review Plaintiff Stearns's amended complaint in a separate written order. Plaintiff's motion for service (docket no. 17) is DENIED without prejudice in order for the Court to review the amended complaint pursuant to 28 U.S.C. § 1915.

B.   <u>Motion for Appointment of Counsel</u>

Plaintiff Stearns filed a motion for appointment of counsel. Plaintiff contends that appointment of counsel is necessary because he is indigent, he cannot afford to hire counsel and the issues involved are complex. Plaintiff maintains that he has limited

1  knowledge of the law, he is housed in administrative segregation ("SHU") and has limited
2  access to the law library.  See Plaintiff's Mot. at 1-2.
3      However, there is no constitutional right to counsel in a civil case.  Lassiter v.
4  Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district
5  court only the power to "request" that counsel represent a litigant who is proceeding in
6  forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make
7  "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296,
8  310 (1989).
9      The court may ask counsel to represent an indigent litigant under § 1915 only in
10 "exceptional circumstances," the determination of which requires an evaluation of both
11 (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate
12 his claims pro se in light of the complexity of the legal issues involved.  See Rand v.
13 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017
14 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of
15 these factors must be viewed together before reaching a decision on a request for counsel
16 under § 1915.  See id.  Neither the need for discovery, nor the fact that the pro se litigant
17 would be better served with the assistance of counsel, necessarily qualify the issues
18 involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery
19 was comprehensive and focused and his papers were generally articulate and organized,
20 district court did not abuse discretion in denying request for counsel).
21     As the Court has not reviewed the merits of Plaintiff's amended complaint to
22 determine whether the claims are cognizable under 28 U.S.C. § 1915, the Court concludes
23 that appointment of counsel is not necessary at this time.  Accordingly, Plaintiff's motion
24 for appointment of counsel (docket no. 18) is DENIED without prejudice.
25 \\\
26 \\\
27 \\\
28 \\\

# CONCLUSION

1. The Clerk shall copy dismissed Plaintiff Aranda's amended complaint (docket no. 15) and open a new civil action with Plaintiff Jorge Aranda as the sole named Plaintiff. The Court will review Plaintiff Stearns's amended complaint in a separate written order.

2. Plaintiff's motion for service (docket no. 17) is DENIED without prejudice in order for the Court to review the amended complaint pursuant to 28 U.S.C. § 1915.

3. Plaintiff's motion for appointment of counsel (docket no. 18) is DENIED without prejudice.

4. It is Plainitff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.
DATED: 3/14/07

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Scott Stearns
   J-61801
   Pelican Bay State Prison
4  P.O. Box 7500
   Crescent City, CA  95531

5

6  Jorge Aranda
   E-68278
7  Pelican Bay State Prison
   P.O. Box 7500
8  Crescent City, CA  95531

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for Service Without Prejudice; Denying Motion for Appointment of Counsel Without Prejudice; Instructions to Clerk
P:\pro-se\sj.jf\cr.05\Stearns443misc           5