\*\*E-Filed 9/30/08\*\*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SCOTT STEARNS, | ) | No. C 05-2443 JF (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **DEFENDANTS' MOTION TO** |
| | ) | **DISMISS** |
| vs. | ) | |
| | ) | |
| | ) | |
| J.S. WOODFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | (Docket Nos. 42, 52) |

Plaintiff, a California state prisoner proceeding pro se, filed the instant civil rights action under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants move to dismiss the complaint on the grounds that Plaintiff has failed to state a claim on which relief may be granted and that they are protected from suit by the doctrine of qualified immunity. Plaintiff has not filed an opposition to the motion, even though he was given sufficient time in which to do so. After reviewing the briefs, the Court concludes that Plaintiff has failed to state a claim under § 1983 and accordingly will GRANT Defendants' motion as set forth herein.

**BACKGROUND**

Plaintiff alleges that officers and staff at Pelican Bay State Prison ("PBSP"), including Defendants Nimrod and Woodford, moved an infectious and contagious inmate to his prison dormitory, and, by exposing this inmate to others, failed to provide health and safety protections for Plaintiff and other inmates. Plaintiff also contends that for a period of fifteen days, Defendants maintained the dormitory in an unhealthy and unsanitary manner, leaving urine and feces on the floor throughout the day. Am. Compl. at 6-14.

Plaintiff filed his initial complaint, which the Court dismissed with leave to amend, in 2005. Docket No. 11. Plaintiff filed the operative amended complaint in 2006. The Court thereafter dismissed the amended complaint in part and ordered service upon Defendants with respect to the cognizable claims. Docket No. 27.

**DISCUSSION**

**I.   Plaintiff's Claims Against Defendants Nimrod and Woodford**

Defendants contend that Plaintiff has failed to state a claim against Nimrod, the appeals coordinator at PBSP, and Woodford, the Director of the California Department of Corrections and Rehabilitation ("CDCR"). MTD at 5.

**A.   Defendant Nimrod**

Plaintiff alleges that Nimrod and other Defendants manipulated the prison administrative appeal system by losing or rejecting his administrative appeals regarding prison conditions. Plaintiff states that only one of his appeals made it through the administrative appeal process. Am. Compl. at 8-9. Plaintiff does not explain specifically what role Nimrod played in the alleged unconstitutional acts, but, because Nimrod is the appeals coordinator at PBSP, the Court must assume that all of Plaintiff's allegations against Nimrod relate to his handling of Plaintiff's administrative appeals.

The Court concludes that Plaintiff has not stated a cognizable claim against Nimrod, because there is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Garfield v.

1  Davis, 566 F. Supp. 1069, 1074 (E.D. Pa. 1983); accord Wolff v. McDonnell, 418 U.S. 539, 565
2  (1974) (accepting Nebraska system wherein no provision made for administrative review of
3  disciplinary decisions).
4        Sections 1073 and 3084 of Title 15 of the California Code of Regulations grant prisoners
5  in county jails and state prisons a purely procedural right to an administrative appeal.  Although
6  the regulations require the establishment of a procedural structure for reviewing prisoner
7  complaints, they set forth no substantive standards; instead, they provide for flexible appeal time
8  limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against
9  an inmate or parolee for filing an appeal," id. § 3084.1(d).  A provision that merely provides
10 procedural requirements, even if mandatory, cannot form the basis of a constitutionally
11 cognizable liberty interest.  See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also
12 Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise
13 to protected liberty interest requiring procedural protections of Due Process Clause); Buckley v.
14 Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (same); Azeez v. DeRobertis, 568 F. Supp. 8, 10
15 (N.D. Ill. 1982) (same).  A prison official's failure to process grievances, without more, thus is
16 not actionable under § 1983.  See Buckley, 997 F.2d at 495; see also Ramirez, 334 F.3d at 860
17 (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not
18 violate due process because prisoners lack a separate constitutional entitlement to a specific
19 prison grievance system).
20       Because there is no constitutional right to a prison grievance system, Plaintiff's claim
21 against Nimrod for his role in Plaintiff's appeals process is not cognizable.   Accordingly,
22 Defendants' motion to dismiss all claims against Nimrod will be GRANTED.  Because further
23 amendments will not cure the deficiencies of Plaintiff's claim, Nimrod will be terminated from
24 this action and all claims against him will be DISMISSED WITHOUT LEAVE TO AMEND.
25     **B.   Defendant Woodford**
26     Defendants argue that Plaintiff does not make any specific allegations against Defendant
27 Woodford, but instead alleges claims against Woodford and other Defendants "for actions, or
28 omission of a lawful act."  MTD at 5.  The Court must assume that Plaintiff has named

Order Granting Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Stearns443.mtd.md     3

1  Woodford as a defendant because, as head of the CDCR, she may be held liable for the acts and
2  omissions of her employees.  However, there is no "pure" respondeat superior liability for § 1983
3  claims.  Preschooler II v. Clark Co. Sch. Bd. of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007)
4  (citation removed).  Plaintiff has not alleged that Woodford directed, participated in, or even
5  knew of her subordinates' alleged acts; such allegations are required in order for a supervisor to
6  be liable for the acts of subordinates under § 1983.  Id.
7       Based on the foregoing, Defendants' motion to dismiss the claims against Woodford will
8  be GRANTED.  In light of Plaintiff's pro se status, leave to amend will be GRANTED.

9  **II.    Plaintiff's Claims Against the Remaining Defendants**

10       Defendants also contend that Plaintiff has failed to state a claim under § 1983 against any
11  of the remaining Defendants.  MTD at 4.
12       The Constitution does not mandate comfortable prisons, but neither does it permit
13  inhumane ones.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner
14  receives in prison and the conditions under which he is confined are subject to scrutiny under the
15  Eighth Amendment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of
16  "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials,
17  who may not, for example, use excessive force against prisoners.  See Hudson v. McMillian, 503
18  U.S. 1, 6-7 (1992).  The Amendment also imposes duties on these officials, who must provide all
19  prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care
20  and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of
21  Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.
22  1982).  A prison official violates the Eighth Amendment when two requirements are met:
23  (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834
24  (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a
25  sufficiently culpable state of mind, i.e., the offending conduct was wanton, id. (citing Wilson,
26  501 U.S. at 297).
27       In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy
28  the objective first component of an Eighth Amendment claim, a court must consider the

circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it may be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See id. at 732-733; see, e.g., Hearns v. Terhune, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir.), cert. denied, 516 U.S. 916 (1995).

What is required to establish the second element of an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. Whitley v. Albers, 475 U.S. 312, 320 (1986). In cases concerning conditions of confinement, such as this one, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S. at 834 (inmate safety); Helling, 509 U.S. at 32-33 (inmate health); Wilson, 501 U.S. at 302-03 (general conditions of confinement); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health). Neither negligence nor gross negligence will constitute deliberate indifference. See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle, 429 U.S. at 106 (establishing that deliberate indifference requires more than negligence). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. See Farmer, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. See id. An Eighth Amendment claimant need not show, however, that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.

See id. at 842; see also Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on another inmate need not show that guards intended to harm bystander-inmate).

### A. Unsanitary Floor Conditions

Applying these principles to the present action, the Court concludes that Plaintiff has failed to state a claim regarding Defendants' actions regarding the unsanitary conditions caused by the presence of urine and feces on the floor of the dormitory. Plaintiff has not alleged facts that the claimed deprivation was sufficiently serious, as defined by Farmer, especially considering the circumstances, nature, and length of the alleged deprivation. Plaintiff alleges that inmates daily threw urine and feces onto the floor, that prison staff cleaned the floor at approximately 8PM, that inmates again threw human waste on the floor at 8:45PM, and that the floor was not cleaned again until 8PM the following day. These conditions, if in fact they existed, certainly were unsanitary. Nonetheless, Plaintiff has not alleged the elements of a constitutional violation. By Plaintiff's own account, the unsanitary conditions were caused by other inmates, not prison staff. Prison staff cleaned the floor every day. The fifteen-day duration of these conditions, while troubling, was not "severe or prolonged," as required by the relevant case law. See, e.g., Anderson, 45 F.3d at 1314. In one case in which a constitutional allegation was sufficiently stated, a prisoner was placed naked in a lice-infested cell with no blankets in temperatures below forty degrees, denied food or served dirty food, and left with his head in excrement while having a seizure, while in another case, a prisoner was placed in a bare, concrete "mental observation" cell with an excrement-encrusted pit toilet for hours after he allegedly set fire to his cell. See Gee v. Estes, 829 F.2d 1005, 1006 (10th Cir. 1987); McCray v. Burrell, 516 F.2d 357, 366-69 (4th Cir. 1974). In Anderson, a civil rights action in which it was alleged that suicidal inmates were sometimes shackled to a grate over the pit toilet in a cell that was dirty and smelled bad, the Ninth Circuit rejected the plaintiffs' allegations because the plaintiffs had not shown that the "sanitary limitations imposed upon them were more than temporary." 45 F.3d at 1315. Here, Plaintiff has not alleged facts that the conditions were more than temporary – indeed, he alleges that the floors were cleaned every day and the inmates soiled the floor for a

1  period of fifteen days.

2  Nor has Plaintiff alleged facts sufficient to show that Defendants' conduct satisfies the
3  second element of Farmer.  Specifically, Plaintiff has not alleged facts tending to show that
4  Defendants were deliberately indifferent, that is, that they knew of and disregarded a substantial
5  risk to Plaintiff's health.  This becomes clear when one considers that, as Plaintiff concedes, the
6  floors were cleaned daily, thereby providing at least a minimal level of sanitation.

7  Accordingly, Defendants' motion to dismiss Plaintiff's claims regarding the unsanitary
8  conditions caused by other inmates will be GRANTED WITH LEAVE TO AMEND.

9  **B.  Exposure to Infected Inmate**

10  Plaintiff alleges that prison staff knowingly brought into Plaintiff's unit an inmate
11  carrying the contagion of MRSA[1] bacteria.  Compl. at 7.  According to one of Plaintiff's exhibits,
12  an MRSA "is a bacteria [sic] commonly found in 40% of healthy people and does not cause
13  harm.  Occasionally staph can get into the body and cause an infection, usually as a pimple, boil,
14  or other skin condition, or rarely as a blood infection or pneumonia."  Id., Ex. K at 1.

15  Applying the legal principles stated above, the Court concludes that Plaintiff has not
16  stated a viable constitutional claim.  Plaintiff has not alleged facts that indicate that the alleged
17  deprivation was sufficiently serious or that he suffered an injury, nor has Plaintiff alleged that he,
18  or anyone else, contracted a staph infection or suffered any other ill consequences because of the
19  infected inmate.  Nor was just the placement of the inmate itself an injury.  If it were, placing a
20  prisoner with a cold virus with uninfected inmates would constitute an injury.  Finally, Plaintiff
21  has not alleged facts showing that Defendants knew or should have known exposure to MRSA
22  likely would cause him any significant harm.  Accordingly, Defendants' motion to dismiss
23  Plaintiff's claims related to the infected inmate will be GRANTED WITH LEAVE TO AMEND.

24  **CONCLUSION**

25  For the reasons set forth above, Defendants' motion to dismiss will be GRANTED.
26  Plaintiff's claims against Defendant Nimrod are DISMISSED WITHOUT LEAVE TO AMEND.

27
28  1. According to a PBSP-distributed handout containing information from the Centers for Disease Control, MRSA, or Methicillin Resistant Staphylococcus Aureus, are bacteria that are resistant to the antibiotic Methicillin.  Compl., Ex. K at 1.

Order Granting Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Stearns443.mtd.md        7

1  Plaintiff's remaining claims are DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file
2  any amended complaint within thirty (30) days from the date of this order.  If Plaintiff amends
3  his complaint, he must timely serve a copy on Defendants.  If Plaintiff fails to amend his
4  complaint within the time allowed, Plaintiff's remaining claims will be dismissed with
5  prejudice.[2]
6      Plaintiff also has filed a motion for protective order directing the law librarian at PBSP to
7  "mail out legal documents to all legally named defendants in this case as 'legal mail/
8  confidential.'"  Docket No. 42 at 2.  This particular dispute is not currently before the Court.  If
9  Plaintiff wishes to seek redress on this matter, he may file another action.  Plaintiff's motion for a
10 protective order (Docket No. 42) is DENIED.
11     **IT IS SO ORDERED.**

16 DATED:  9/30/08

   JEREMY FOGEL
17 United States District Judge

---

[2] Defendants argue that they are protected by the doctrine of qualified immunity.  Because the majority of claims are subject to amendment, the Court will defer its decision on this issue pending review of an amended pleading.

Order Granting Defendants' Motion to Dismiss
G:\Pro-Se\SJ.JF\CR.05\Stearns443.mtd.md            8